## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DERICK B. WILSON,**

     **Plaintiff,**

**vs.**                      **Case No.:**

**SOUTHERN AIDS**
**COALITION, Domestic**
**Non-Profit Corporation**

     **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DERICK B. WILSON, by and through his undersigned counsel brings this action against Defendant SOUTHERN AIDS COALITION, and states as follows:

## INTRODUCTION

This is an action for damages and all available relief based on race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981. As a result, and for the violation of Plaintiff's rights to be free from racial discrimination and to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering,

1

injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION AND VENUE

1.      Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3) and 42 U.S.C. §1981.

2.      This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiffs worked for Defendant in Atlanta, Georgia.

3.      The illegal conduct occurred within the judicial district in and for this District.

## PARTIES

4.      Plaintiff was employed as Defendant's Executive Director from approximately March 9, 2020 until July 8, 2020.

5.      At all times material hereto, Plaintiff worked for Defendant in Atlanta, Georgia.

6.      Defendant, SOUTHERN AIDS COALLITION, is a non-for-profit corporation which provides HIV/AIDS focused community services in the South of the United States.

7.      At all times material, Defendant was an "employer" as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

8.      Plaintiff is an African American male individual who suffered discrimination based on his race.

9.      Plaintiff is a member of a class of individuals protected by Title VII and Section 1981.

10.     Plaintiff was qualified for his position of employment as an Executive Director.

11.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and Section 1981.

12.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and Section 1981.

13.     Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around July 28, 2020.

14.    On August 9, 2021, the EEOC issued its right-to-sue letter. Therefore, this Complaint is being filed within 90 days of Plaintiffs receiving their right-to-sue letter.

15.    Plaintiff has fulfilled all pre-requisite conditions prior to filing the instant lawsuit.

## FACTS

16.    Plaintiff was hired by Defendant in or around March 9, 2020.

17.    At all times material, Plaintiff was employed as Executive Director.

18.    Plaintiff reported directly to Board of Directors Chair, Kathie Hiers (Caucasian).

19.    Throughout Plaintiff's employment with Defendant, Plaintiff was treated differently than other Caucasian employees.

20.    Throughout Plaintiff's employment, African American employees complained regarding the disparate treatment by Defendant towards African-American employees.

21.    During his employment, Plaintiff was told by one of Defendant's Board Member that the prior Executive Director (Caucasian) performed terribly and committed numerous bad acts with both the staff and the Board and yet, he was not terminated due to his race (Caucasian) and despite

employee complaints, was allowed to continue to work for Defendant in a different capacity.

22.    During his employment, Plaintiff's performance earned him numerous accolades while employed with Defendant including from Defendant's Board Members and business partners.

23.    On July 19, 2020, Plaintiff was terminated from his employment with Defendant and the only reason he was given was that, "you are not a good fit."

24.    At the time of his termination, Plaintiff was qualified for his position with Defendant.

25.    At the time of his termination, Plaintiff had not been issued any warnings or other type of discipline regarding behavior or performance.

26.    Just a week prior to his termination, Plaintiff was complimented on his job performance.

27.    Other Caucasian employees who had performance related issues, were not disciplined or terminated for the same reasons as Plaintiff.

28.    Plaintiff was treated differently than other Caucasian employees.

29.    Defendant's reason for terminating Plaintiff was pretextual.

30.    Plaintiff was terminated because of his race.

31.    At the time of his termination, Plaintiff complained to Defendant that he believed he had been treated differently than the prior Executive Director (Caucasian).

32.    Defendant ignored Plaintiff's complaint and was instead he was told by Hiers that he would be given no more details regarding his termination as Human Resources told Hiers, he could use the real reason "as ammunition against [Defendant] in a legal proceeding."

33.    Defendant's prior Executive Director (Caucasian) was allowed to remain employed by Defendant despite numerous complaints as well as performance and disciplinary issues, while Plaintiff was never disciplined and was terminated.

## COUNT I
## RACE DISCRIMINATION UNDER TITLE VII

34.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 33, above

35.    Defendant discriminated against Plaintiff based on his race.

36.    Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

37.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

38.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## COUNT II
## RETLIATION UNDER TITLE VII

39.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 33, above.

7

40.    Defendant retaliated against Plaintiff because of his complaints about race discrimination.

41.    Plaintiff engaged in a protected activity by complaining of disparate treatment and/or race discrimination.

42.    Plaintiff suffered an adverse action.

43.    Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

44.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

45.    The above described discrimination and retaliation were done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

46.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 33, above.

47.    Plaintiff is an African American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

48.    At all times material, Plaintiff was an employee of the Defendant.

49.    At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

50.    Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing

and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

51.   Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

52.   Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

53.   Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

54.   Based on the foregoing allegations as set forth in paragraphs 1-33 the Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating against Plaintiff in the making and enforcement of his

employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Non-pecuniary damages afforded under Section 1981;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

55.   Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 33, above.

56.   Plaintiff is an African American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

57.    At all times material, Plaintiff was an employee of the Defendant.

58.    At    all    times    material,    Defendant    through    its    agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

59.    Defendant deprived Plaintiff of her civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

60.    Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

61.    To this end, Plaintiff engaged in protected activity by complaining of disparate treatment.

62.    Plaintiff suffered an adverse action.

63.    Pursuant  to  42  U.S.C.  §1981(a),  "All  persons  within  the jurisdiction of the United States shall have the same right in every State and

Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

64.     Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

65.     Based on the foregoing allegations as set forth in paragraphs 1-33, Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Non-pecuniary damages afforded under Section 1981;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demands a trial by jury.

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel for Plaintiff certifies that this document has been prepared in Century Schoolbook, 13-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1.

Dated this 5th day of November, 2021.

Respectfully submitted,

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq.
GA Bar No.: 318028
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
E-mail: ahall@theleachfirm.com
E-mail: npacheco@theleachfirm.com
*Attorneys for Plaintiff*